## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BROWN | : | JURY TRIAL DEMANDED |
| 837 WHITEHALL ROAD | : | |
| YEMASSEE, SC 29945 | : | NO. 2:23-cv-4181 |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| SERGEANT TAMIKA ALLEN, BADGE 8710 | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| POLICE OFFICER JAHBRIA GEDDY, BADGE 1936 | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| POLICE OFFICER EDWARD BERTHESI, | : | |
| BADGE 2090 | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| POLICE OFFICER MICHAEL GOODE, | : | |
| BADGE 2573 | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| DEPUTY SHERIFF EDWIN BARRETO | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **and** | : | |
| SWAT TEAM OFFICERS JOHN/JANE DOE 1 – 10 | : | |
| 1515 MARKET STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19104 | : | |
| **Defendants** | : | |

## CIVIL COMPLAINT

I.   **INTRODUCTION**

1.   Plaintiff brings this action for damages brought pursuant to 42 U.S.C. §§
     1983 and 1988, against Defendants as a result of the individual defendants
     forcibly entering Plaintiff's home to execute a search warrant for an
     individual who was already incarcerated, using excessive force against
     Plaintiff while in his home, and the City's failure to enforce a policy or
     training that would have prevented these violations of Plaintiff's rights.

II.   **JURISDICTION AND VENUE**

2.   This Court has jurisdiction over the claims brought under § 1983 under 28
     U.S.C. §§1331 and 1343.

3.   This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367
     and the principles of pendant and ancillary jurisdiction.

4.   Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon
     which the complaint is based arose in the City of Philadelphia, Pennsylvania,
     which is in the Eastern District of Pennsylvania.

III.   **PARTIES**

5.   Plaintiff, John Brown, is an adult citizen and resident of the State of South
     Carolina, residing as captioned.

6.   Defendant, City of Philadelphia, is a municipal corporation organized under
     the laws of the Commonwealth of Pennsylvania, with a main office/principal
     place of business located as captioned.

7.   At all relevant times, Defendant City of Philadelphia acted or failed to act by
     and through their agents, servants, and/or employees, then and there acting
     within the course and scope of their agency, servanthood, and/or employment,
     and pursuant to the policies, practices, and customs of Defendant City of

Philadelphia, the Philadelphia Sheriff's Office, and/or the Philadelphia Police Department including, but not limited to, the named individual defendants.

8.      Defendant, Sergeant Tamika Allen, Badge 8710, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a sergeant by the City of Philadelphia Police Department; was responsible for overseeing the conduct of the City of Philadelphia Police Department and its agents, servants, and employees, including Defendants Geddy, Berthesi, Goode, and Doe 1 – 10; and had authority regarding the conduct and discipline of City of Philadelphia police officers. She is being sued in her individual and official capacities.

9.      Defendant, Police Officer Jahbria Geddy, Badge 1936, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the City of Philadelphia Police Department and is being sued in their individual and official capacities.

10.     Defendant, Police Officer Edward Berthesi, Badge 2090, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the City of Philadelphia Police Department and is being sued in their individual and official capacities.

11.     Defendant, Police Officer Michael Goode, Badge 2573 is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the City of Philadelphia Police Department and is being sued in their individual and official capacities.

12.    Defendant, Deputy Sheriff Edwin Barreto, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Philadelphia Sheriff's Office and is being sued in their individual and official capacities.

13.    Defendants, SWAT Team Officers John/Jane Doe 1 – 10, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers by the City of Philadelphia Police Department and are being sued in their individual and official capacities. Defendants Doe 1 – 10 are designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

14.    At all relevant times, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia.

## IV. OPERATIVE FACTS

15.    On or about Thursday, November 4, 2021, approximately between 4:00 a.m. and 7:00 a.m., Plaintiff perceived what appeared to be a SWAT team outside his residence.

16.    At the time, Plaintiff lived at 434 S. 55th Street, Second Floor, in Philadelphia, Pennsylvania. His niece, Tykeesha, and her children lived in the first-floor unit of the property.

17.    434 S. 55th Street is a two-story rowhome converted into two units.

18. At the above date, time, and location, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 were at 434 S. 55th Street to execute an arrest warrant for Elijah Brown, who is Plaintiff's son.

19. At the above date and time, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 did not have a valid search warrant to search Plaintiff's home for Elijah Brown.

20. At the above date and time, Elijah Brown had been incarcerated at George W. Hill Correctional Facility, the county prison of Delaware County, Pennsylvania, for approximately two (2) months and was still being held there.

21. Upon information and belief, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 did not do a custody check for Elijah Brown or otherwise verify that he was not already in government custody before attempting to execute the arrest warrant.

22. Upon information and belief, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 had at their disposal several public and law enforcement databases that would have indicated that Elijah Brown was incarcerated, providing them constructive notice that Elijah Brown was not at 434 S. 55th Street.

23. Nevertheless, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 entered through the ground floor without reason to believe Elijah Brown was there, a valid warrant, consent, or an exception to the warrant requirement.

24. Plaintiff heard Tykeesha's children screaming from his apartment on the second floor.

25.     Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10
        proceeded up to Plaintiff's door.

26.     Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 did not
        knock and announce themselves and demanded Plaintiff open his door.

27.     Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10
        entered Plaintiff's home and pointed their guns at him.

28.     While in his home, Defendants Allen, Geddy, Berthesi, Goode, Barreto,
        and/or Doe 1 – 10 searched Plaintiff's home while repeatedly asking Plaintiff
        about his son's whereabouts.

29.     Plaintiff informed Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or
        Doe 1 – 10 that his son was not in his home but was incarcerated at George
        W. Hill Correctional Facility and had been for the past two (2) months.

30.     Plaintiff started to pick up his phone to photograph the above-described
        violation of his constitutional rights when one defendant, whom Plaintiff
        believes was female, aggressively and violently grabbed him from behind.

31.     The above caused Plaintiff to pass out, requiring paramedics to be called to
        assess Plaintiff.

32.     At all relevant times, Plaintiff was peaceable and cooperative with
        Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10.

33.     At all relevant times, Defendants Allen, Geddy, Berthesi, Goode, Barreto,
        and/or Doe 1 – 10 interacted with Plaintiff in a threatening, violent, and
        aggressive manner, causing Plaintiff to suffer intense fear and anxiety.

34.     Plaintiff was not charged with any criminal offenses as a result of the above
        incident.

35.   Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10, had a duty to obtain a search warrant before entering 434 S. 55th Street to execute the arrest warrant for Elijah Brown.

36.   In the alternative, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 needed reason to believe that Elijah Brown was at 434 S. 55th Street before entry, which they lacked.

37.   As a direct and proximate result of the above, Plaintiff suffered emotional pain and distress, physical suffering, humiliation, anguish, and emotional distress and will continue to do so for an indefinite time, to his great detriment and loss.

38.   As a further direct and proximate result of the above, Plaintiff has suffered physical injuries and/or aggravations thereto, including but not limited to:

   a.   Cervical radiculitis;

   b.   Cervical sprain/strain;

   c.   Thoracic sprain/strain;

   d.   Lumbar sprain/strain;

   e.   Left shoulder/arm sprain/strain;

   f.   Myospasm of the back;

   g.   Post traumatic headache;

   h.   Concussion with loss of consciousness;

   i.   AC joint arthritis with type I acromion and os acromiale with degenerative changes impinging on the myotendinous junction of the supraspinatus;

   j.   Full thickness rotator cuff tear distal supraspinatus tendon at the junction with the subscapularis without retraction;

   k.   Chronic compromise of the C6 cervical nerve root affecting the left upper extremity;

      l.   Chronic compromise of the L5 lumbar nerve root affecting the right lower extremity; and

      m.  Mild compromise of left median nerve at or about the carpal tunnel.

39.    The above injuries required, *inter alia*, arthroscopic rotator cuff repair, extensive debridement, and subacromial decompression surgery.

40.    As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss. Expenses to date include, but are not limited to:

| | |
|---|---|
| Hospital of the University of Pennsylvania<br>Emergency Department<br>11/5/21 & 11/8/21 | $42,713.03 |
| Tri-County West Philadelphia<br>11/29/21 – 11/3/22 | $20,979.24 |
| Open MRI of Bala Cynwyd<br>MRI of Left Shoulder<br>3/2/22 | $2,050.00 |
| Tri-County<br>EMG<br>4/26/22 | $1,800.00 |
| Pennsylvania Hospital<br>Surgery and Postoperative Follow Up<br>8/25/22 – 11/9/2022 | $59,544.39 |
| + | _____ |
| PARTIAL TOTAL: | $127,086.76 |

41.    As a further direct and proximate result of the above, Plaintiff suffered property damage, to his great detriment and loss.

42.    As a further direct and proximate result of the above, Plaintiff has or may have suffered a loss of earnings and/or earnings potential.

43.   As a direct and proximate result of the aforementioned acts and failures to
      act of Defendants, Plaintiff has incurred various other expenses, which may
      continue for an indefinite period into the future, to his great detriment and
      loss.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL ENTRY**
**JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL**
**GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10**

44.   All preceding paragraphs are incorporated by reference as if fully set-forth
      herein.

45.   Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10
      entered Plaintiff's home in the course and scope of their employment as law
      enforcement officers.

46.   At that time, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 –
      10 lacked a search warrant.

47.   At that time, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 –
      10 also lacked reason to believe that Elijah Brown would be at Plaintiff's
      residence.

48.   The above-described acts and failures to act of Defendants Allen, Geddy,
      Berthesi, Goode, Barreto, and Doe 1 – 10 violated Plaintiff's rights under the
      Fourth and Fourteenth Amendments to the United States Constitution, the
      laws of the United States and of the Commonwealth of Pennsylvania, and
      were in violation of 42 U.S.C. § 1983.

49.   The acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode,
      Barreto, and Doe 1 – 10, were so malicious, intentional, reckless, and/or

recklessly indifferent to Plaintiff's rights and well-being that the imposition

of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory

and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria

Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin

Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an

amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and

deter Defendants and others similarly situated to Defendants, plus interest, costs,

attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL SEARCH
### JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10

50.    All preceding paragraphs are incorporated by reference as if fully set-forth

herein.

51.    Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10

entered Plaintiff's home in the course and scope of their employment as law

enforcement officers.

52.    While in Plaintiff's home, Defendants Allen, Geddy, Berthesi, Goode, Barreto,

and/or Doe 1 – 10 searched the home and Plaintiff's belongings for Elijah

Brown, who was incarcerated.

53.    At that time, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 –

10 lacked a search warrant.

54.    At that time, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 –

10 also lacked reason to believe that Elijah Brown would be at Plaintiff's

residence.

55.     The above-described acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

56.     The acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT III – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL SEIZURE
### JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10

57.     All preceding paragraphs are incorporated by reference as if fully set-forth herein.

58.     At all relevant times, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 lacked probable cause or reasonable suspicion to seize Plaintiff's person.

59.   Nevertheless, while illegally within his home, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 subjected him to a seizure by holding him at gunpoint and by physically holding his body until he lost consciousness and became injured.

60.   A reasonable person in Plaintiff's position would not have felt free to leave.

61.   The aforementioned seizures of Plaintiff's person were unreasonable under the circumstances.

62.   The above-described acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

63.   The acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE

**JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10**

64.  All preceding paragraphs are incorporated by reference as if fully set-forth herein.

65.  Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10's uses of force against Plaintiff, including but not limited to pointing firearms at him, grabbing him, and holding him on the floor, were unreasonable given the circumstances.

66.  Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable suspicion to believe he was armed and dangerous.

67.  Defendants lacked legal authority to be in Plaintiff's home at all, let alone to use force against him while inside.

68.  Regardless, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 pointed firearms at Plaintiff, physically seized his body, and held him to the floor in such a manner as to cause him injury.

69.  The above-described acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

70.  The acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT V – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE,**
**EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10**

71.    All preceding paragraphs are fully incorporated herein by reference.

72.    Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10 had a constitutional and/or statutory duty to intervene when Plaintiff's home was illegally entered, when his home was illegally searched, when he was illegally seized, and when excessive force was used against him.

73.    Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 were present while Plaintiff's rights were being violated, knew that his rights were being violated, and had a reasonable opportunity to intervene in the aforementioned violations of his constitutional rights.

74.    Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

75.    The acts and failures to act of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and Doe 1 – 10, were so malicious, intentional, reckless, and/or

recklessly indifferent to Plaintiff's rights and well-being that the imposition

of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory

and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria

Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin

Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an

amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and

deter Defendants and others similarly situated to Defendants, plus interest, costs,

attorney's fees, and all other appropriate relief.

### COUNT VI – 42 U.S.C. § 1983
### SUPERVISORY LIABILITY
### JOHN BROWN V. TAMIKA ALLEN

76.     All preceding paragraphs are incorporated by reference as if fully set-forth

herein.

77.     Defendant Allen was the highest-ranking employee of the Philadelphia Police

Department at the scene of the above-described incident.

78.     Defendant Allen was the supervisor of Defendants Geddy, Berthesi, Goode,

and Doe 1 – 10.

79.     Defendant Allen was present for the above-described incident and had actual

knowledge of the violations of Plaintiff's constitutional rights.

80.     Defendant Allen directed Defendants Geddy, Berthesi, Goode, and Doe 1 – 10

to take the actions described above that violated Plaintiff's constitutional

rights, participated in said violations, condoned said violations, and/or

acquiesced to said violations.

81.     The acts and failures to act of Defendant Allen were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendant, Sergeant Tamika Allen, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VII – 42 U.S.C. § 1983
### CONSPIRACY
### JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10

82.     All preceding paragraphs are fully incorporated herein by reference.

83.     As demonstrated by their concerted conduct, Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 entered into an agreement or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described above.

84.     The actions Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 were so malicious, intentional, reckless, or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and

deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VIII – 42 U.S.C. § 1983
### *MONELL* CLAIM
### JOHN BROWN V. CITY OF PHILADELPHIA

85.   All preceding paragraphs are incorporated by reference as if fully set-forth herein.

86.   Defendant City of Philadelphia is the final policymaker for the City of Philadelphia Police Department and Philadelphia Sheriff's Office.

87.   Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Defendants, on how to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before applying for and executing an arrest warrant, including, but not limited to, checking that the person to be seized was not already in custody at the time of the application for or execution of the arrest warrant.

88.   The failure of Defendant City of Philadelphia to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the execution of arrest warrants, including the need to conduct a custody check before executing an arrest warrant and/or apply for a search warrant, was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of the illegal entry into the Plaintiff's home.

89.   The need for Defendant City of Philadelphia to train, supervise, discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or

custom of conducting a custody check and/or obtaining a search warrant before executing an arrest warrant is obvious.

90.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, failing to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before executing an arrest warrant, including, but not limited to, checking that the person to be seized was not already in custody and/or obtaining a search warrant before or at the time of the execution of the arrest warrant.

91.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Defendants, for failing to reasonably investigate to obtain adequate facts and reasonably trustworthy information regarding the whereabouts of a person to be arrested before executing an arrest warrant.

92.    Plaintiff believes and therefore avers that Defendant City of has adopted and maintained inadequate training for law enforcement officers, including the individually named Defendants, on how to execute an arrest warrant without violating the constitutional rights of individuals, such as the Plaintiff.

93.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, use of unconstitutional force and illegal restraint on the liberty of individuals not described/named in the

arrest warrant, like Plaintiff, during the execution of an arrest warrant. Said

policy, custom, and/or practice violates the Fourth Amendment as applied to

the States through the Fourteenth Amendment of Constitution of the United

States, the Laws of the United States, and of the Commonwealth of

Pennsylvania.

94.    Plaintiff believes that Defendant City of Philadelphia has failed to

adequately train their law enforcement officer in the constitutional limits on

the use of force on innocent bystanders during the execution of an arrest

warrant and that this failure constituted deliberate indifference to the

constitutional rights of its citizens and was the proximate cause of the

injuries to the Plaintiff.

95.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has

systematically failed to discipline law enforcement officers, including the

individually named Defendants, for unconstitutionally using excessive force

on and restraining the liberty of bystanders, including individuals not

described/named in the arrest warrant, like Plaintiff, during the execution of

an arrest warrant. This failure violates the Fourth Amendment as applied to

the States through the Fourteenth Amendment of Constitution of the United

States, the Laws of the United States, and of the Commonwealth of

Pennsylvania.

96.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has

been deliberately indifferent to the rights of citizens of the City of

Philadelphia, Pennsylvania, to be free from police officers using excessive

force and unlawful detention, and said indifference violates Plaintiff's rights

under the Fourth and Fourteenth Amendments of the United States Constitution.

97.     Plaintiff believes and therefore avers that Defendant City of Philadelphia was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff.

98.     Plaintiff believes and therefore avers that Defendant City of Philadelphia knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of the Philadelphia Sheriff's Office and/or City of Philadelphia Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a.   Failure to provide adequate training, supervision, and discipline to officers regarding the length of time law enforcement officers must wait after announcing their presence before entering a premises to execute an arrest warrant;

   b.   Failure to provide adequate training, supervision, and discipline to officers regarding properly identifying the other residents of the premises besides the person to be arrested before and during the execution of the arrest warrant;

c.  Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances whether the person described in the warrant is on the premises during the execution of the arrest warrant;

d.  Failure to provide adequate training, and discipline to officers regarding how to properly restrain persons other than the individual named and described in the arrest warrant while searching for the person to be arrested;

e.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons other than the individual named and described in the arrest warrant;

f.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

g.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department and Philadelphia Sheriff's Office;

h.  Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the Philadelphia Police Department and Philadelphia Sheriff's Office where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in the departments;

i.  Failure to restrain the use of excessive force by members of law enforcement agencies;

j.  Failure to properly test, train, and/or select its officers with regards to proper use of force; and

k.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

99.  The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant City of Philadelphia were the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant City of Philadelphia in an amount sufficient to fully and

adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT IX – PENNSYLVANIA COMMON LAW
### ASSAULT AND BATTERY
### JOHN BROWN V. TAMIKA ALLEN, JAHBRIA GEDDY, EDWARD BERTHESI, MICHAEL GOODE, EDWIN BARRETO, AND JOHN/JANE DOE 1 – 10

100.    All preceding paragraphs are fully incorporated herein by reference.

101.    The above-described actions of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 constituted an unnecessary and excessive use of force to carry out Defendant's law enforcement and/or correctional duties.

102.    The above-described actions of Defendants Allen, Geddy, Berthesi, Goode, Barreto, and/or Doe 1 – 10 put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will.

103.    The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants, Sergeant Tamika Allen, Police Officer Jahbria Geddy, Police Officer Edward Berthesi, Police Officer Michael Goode, Deputy Sheriff Edwin Barreto, and SWAT Team Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

Jason E. Parris, Esq.
PA ID No. 312363
jparris@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiff*